MICHELE M. BETTI, ESQ. (SBN 204939)
LAW OFFICES OF BETTI & ASSOCIATES
1732 Knoll Field Way
Encinitas, CA 92024
Telephone: (760) 500-5451
Facsimile: (760) 454-2204
Email: mbettilaw@gmail.com

Attorneys for Plaintiff
ALEX KHADAVI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Western Division - Roybal Federal Building

255 East Temple Street, Los Angeles, CA 90012

| ALEX KHADAVI, an Individual<br><br>Plaintiff,<br><br>v.<br><br>STALGI INC., a Florida Corporation; ALDO BERNARDI, an Individual; and Does 1 through 10, Inclusive,<br><br>Defendants. | Case No.: 2:20-cv-7948<br><br>**VERIFIED COMPLAINT FOR:**<br>**1. BREACH OF CONTRACT;**<br>**2. VIOLATIONS OF BUSINESS AND PROFESSIONS CODE SECTION 17500;**<br>**3. AIDING AND ABETTING VIOLATIONS OF SECTIONS 17500;**<br>**4. NEGLIGENCE;**<br>**5. UNJUST ENRICHMENT** |
|---|---|

Based upon information and belief available to Plaintiff at the time of the filing of this Verified Complaint, Plaintiff makes the following allegations:

## PARTIES

1.  Plaintiff ALEX KHADAVI ("Plaintiff") is and was at all times relevant a citizen of California residing in Los Angeles County, California.

Verified Complaint - 1

Plaintiff is the owner of real property located at 777 Sarbonne Road, Los Angeles, CA 90077 ("Property").

2. Defendant STALGI, INC., is a corporation incorporated in the State of a Florida ("STALGI"), with its principal place of business located in Miami-Dade County, Florida at 777 Arthur Godfrey Road, Miami Beach, Florida 33140.

2.1 Defendant ALDO BERNARDI ("BERNARDI") is and was at all times relevant a resident of Miami-Dade County, Florida. BERNARDI is the President of STALGI, INC.

## VENUE

3. The district court has original jurisdiction of this civil action in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the matter is between citizens of different States pursuant to 28 U.S.C.A. § 1332 (West). A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C.A. § 1332 (West). Defendant STALGI is a citizen of the State of Florida pursuant to 28 U.S.C.A. § 1332 (West). Defendant STALGI has its principal place of business in Miami-Dade County, Florida at 777 Arthur Godfrey Road, #404, Miami Beach, Florida 33140. Defendant BERNARDI is a resident of Miami-Dade County, Florida pursuant to 28 U.S.C.A. § 1332 (West). Plaintiff Alex Khadavi is a citizen of the State of California. Therefore, this district court has original jurisdiction over this civil action.

4. The true names and capacities of the Defendants, Does 1 through 10, whether individual, corporate, associates or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and therefore alleges, that each of the Doe Defendants is, in some manner, responsible for the events and happenings herein set forth and

proximately caused injury and damages to Plaintiff as herein alleged.

5.      Plaintiff is informed and believes and thereon alleges that, at all relevant times, each of the Defendants, including Does 1 through 10, inclusive, was the agent or employee of each of the remaining Defendants and, in doing the things alleged, was acting within the scope of that agency or employment. Defendants, and each of them, are individuals, corporations, partnerships and other entities which engaged in, joined in and conspired with the other wrongdoers in carrying out the tortious and unlawful activities described in this Complaint, and Defendants, and each of them, ratified the acts of the other Defendants as described in this Complaint.  Each of the above named Defendants and Does 1 through 10 are sometimes hereinafter referred to collectively as the "Defendants."

6.      ***Defendants are not licensed contractors in the State of California*** and thus any mechanics liens, promissory notes, and deeds of trust are invalid. Defendants fraudulently represented to Plaintiff that they were in fact licensed contractors in the State of California to supply, fabricate, and install Italian marble and natural stone.  The work performed by these unlicensed contractors was below industry standards and caused irreparable harm and damages to replace and repair marble and natural stone, including additional costs in delay of the project. Moreover, Defendants continue to impede the process of Plaintiff to refinance loans to the Property and/or the sale of the Property by filing knowingly false liens, promissory notes, and deeds of trust on the Property without just cause.

7.      The Plaintiff is informed and believes, and on that basis alleges, that Defendants had actual knowledge of the tortious and unlawful conduct against Plaintiffs.  That at all times mentioned herein, Defendants, and each of them, were the agents, servants, employers, masters, servants, or co-conspirators of each of the remaining co-Defendants, and in doing the things hereinafter alleged were acting within the course and scope of such relationship and with the permission, approval, ratification, or consent of their co-Defendants.

8. The Plaintiff is informed and believes, and on that basis alleges, that there exists such a unity of control between the Defendants, any individuality or separateness between the Defendants has ceased, and each of the Defendants is the alter ego of the other.  The Plaintiff is informed and believes, and on that basis alleges, that some of the Defendants own and control the others; that some of the Defendants have the same officers, directors, or partners; that some of the Defendants finance other Defendants; that some of the Defendants pay the salaries and other expenses of other Defendants; that some of the Defendants fail to maintain formalities of separate corporate or partnership existence; that some of the Defendants held themselves out to the public to be the same entity as other Defendants; and that Plaintiff lacked knowledge of the Defendants' separate corporate or partnership existence.

9. The Plaintiff is informed and believes, and on that basis alleges, that adherence to the fiction of the separate existence of the Defendants as distinct entities from each other may promote injustice or fraud.

### FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

10. Plaintiff is informed and believes, and on that basis alleges, the following:

A. Plaintiff is, and at all times mentioned was, the resident and owner of a single-family residence located at 777 Sarbonne Road, Bel Air Los Angeles, CA 90077 ("Property").

B. STALGI does not maintain a qualified status with the California Secretary of State or the California Franchise Tax Board.  STALGI is <u>not</u> licensed with the California Contractors State License Board.

C. In or about January 11, 2018, Plaintiff entered into a written contract with Defendants STALGI and BERNARDI for the supply, fabrication, and installation of Italian marble and natural stone for a total price of $1,813,530.82.  Attached hereto as <u>Exhibit 1</u> and incorporated herein by reference is a true and

correct copy of the <u>Stalgi Contract dated January 11, 2018</u>.  Defendants failed to comply with requirements for a home improvement contract as set forth in California Business & Professions Code § 7159.

      D.    In or about August 25, 2018, Plaintiff entered into another written contract with Defendants for the supply, fabrication, and installation of Italian marble and natural stone for a total price of $236,909.76.  Attached hereto as <u>Exhibit 2</u> and incorporated herein by reference is a true and correct copy of the <u>Stalgi Contract dated August 25, 2018</u>.  Defendants failed to comply with requirements for a home improvement contract as set forth in California Business & Professions Code § 7159.

      E.    Plaintiff has repeatedly put Defendants on notice that they have failed to supply, fabricate, and install marble and natural stone according to industry standards and as a result of Defendants' negligence Plaintiff has suffered injuries and damages.  To date, Defendants have failed to cure any damages to the Property.

      F.    On or about January 2020, due to Defendants' negligence in the installation of marble and natural stone, Plaintiff had to refinance the Property as Notes were coming due and Plaintiff was required to pay out a hefty extension cost.  Indeed, this was all the result of Defendants' negligent defective work product causing delays, and creating malfunctions in other areas that had to be repaired and replaced.

      G.    Defendants' actions also caused delays in passing inspections, created additional work to the Property, and constant reordering of replacement materials.

      H.    Defendants, with knowledge the Plaintiff was refinancing the Property as Notes were coming due, knowingly approached Plaintiff on or around November 2018 to execute a Deed of Trust, Instrument #19-539141 for $1,735,562,00 in lieu of filing a mechanics lien.

      I.    The Deed of Trust dated November 1, 2018, for $1,735,562.00 was

recorded on June 10, 2019 some seven (7) months later.  Defendants subsequently recorded a secondary Deed of Trust dated February 15, 2019, Instrument Number 19-984150 for $768,931.00.  In order to persuade Plaintiff to agree with Defendants' filings, Defendants convinced Plaintiff that these Deeds of Trust would be just as effective as Mechanics liens, but cleaner and not interfere with the sale of the house once it was completed.

J. But, Defendants knew full well that not being in possession of a California Contractors License or providing Plaintiff with any of the mandatory notices required by law, Defendants had no ability to effect a Mechanics lien on the Property.

K. The law is clear in that all documents used in a home improvement/construction transaction must either contain 1) The License Number of the Contractor or Clearly state "Not a Licensed Contractor."  *See* California Contractors State License Law, Cal. Bus. & Prof. Code §§ 7000, *et seq.*, that governs advertising by both unlicensed contractors and licensed contractors, and regulates advertising across various marketing channels, including websites, emails, directories, and other forms of communication.  "Advertising" is defined broadly to include "any card, contract proposal, sign, billboard, lettering on vehicles registered in this or any other state, brochure, pamphlet, circular, newspaper, magazine, airwave or any electronic transmission, and any form of directory under any listing denoting 'Contractor' or any word or words of a similar import or meaning requesting any work for which a license is required by the Contractors License Law.  *See* 16 C.F.R. § 861; *see also*, Bus. & Prof. Code §§ 7027.1(b), 7027.4(c).

L. Defendants failed to place on any of the contracts, bids, and any solicitation with Plaintiff that they were not a licensed contractor in the State of California, as clearly required by law.

M. In a veil attempt to deceive the courts, Defendants hand wrote on a

previous executed agreement that they were not licensed.  This document would later prove to be a forgery of Plaintiff's signature.

      N.    Defendants did not comply with any of the California Contractor statutes or laws governing their work, which are designed to protect the consumer, including Plaintiff.  Indeed, it is illegal for an unlicensed person to perform contracting work on any project valued at $500.00 or more in combined labor and material costs.  Moreover, besides being illegal, unlicensed contractors lack accountability and have a high rate of involvement in construction scams.  Unlicensed contractors also are unfair competition for licensed contractors who operate with bonds, insurance, and other responsible business practices.

      O.    California's preliminary 20-day notice protects the right of the sender to file a mechanics lien or bond claim if they are not paid.  A California preliminary notice is a legal document sent on construction projects to provide information to the people in charge of payment.  It is also known as a 20-day notice because it must be sent within 20 days of first furnishing labor or materials to a project.

      P.    California's deadline to file a mechanics lien is 90 days after the completion of a project as a whole.  But, if a notice of completion or cessation is filed, the deadline for subcontractors, suppliers, and other sub-tier parties is shortened to 30 days from the date the notice was filed. Defendants knowingly filed four (4) false mechanics liens on the Property in order to create leverage against Plaintiff so that Plaintiff would be forced to pay any outstanding invoices and liens even though Defendants performed work that was negligent, defective and below the industry standard of care.  The liens are set forth as follows:

    1. A claim of lien recorded January 31, 2020
       Instrument Number 20-126738 of Official Records
       Lien claimant:  Stalgi, Inc.
       Amount:  $135,617.94

    2. A claim of lien recorded January 31, 2020
        Instrument Number 20-126739 of Official Records
        Lien claimant: Stalgi, Inc.
        Amount: $83,044.80

    3. A claim of lien recorded February 06, 2020
        Instrument Number 20-148378 of Official Records
        Lien claimant: Stalgi, Inc.
        Amount: $135,617.94

    4. A claim of lien recorded February 06, 2020
        Instrument Number 20-148379 of Official Records
        Lien claimant: Stalgi, Inc.
        Amount: $83,044.80

    Attached hereto as <u>Exhibit 3</u> and incorporated herein by reference are true and correct copies of the <u>Mechanics Liens</u>.

    Q.    Because Defendants were <u>not</u> licensed contractors in the State of California, they were not allowed to file mechanics liens in California.

    R.    All businesses or individuals who construct or alter any building, highway, road, parking facility, railroad, excavation, or other structure in California must be licensed by the California Contractors State License Board (CSLB) if the total cost (labor and materials) of one or more contracts on the project is $500.00; or one must record the mechanics lien within 60 days of the owner filing a Notice of Completion or Notice of Cessation.  In the case in which no notice has been filed, one must record the mechanics lien within 90 days of work completion/last day of work.

    S.    On or about March 11, 2020, Defendants extorted Plaintiff into entering into a settlement agreement and issuing a promissory note and deed of

trust on the Property for the outstanding amounts Defendant claimed Plaintiff owed for the supply, fabrication and installation of marble and natural stone at the Property. In exchange for the issuance of a settlement agreement, deed of trust and promissory note, Defendants agreed to rescind the mechanics liens. Plaintiff was forced to issue a deed of trust and promissory note and sign a settlement agreement so that a refinance of the Property could finalize. Purposefully delaying the project and failing to cure any defects Defendants knowingly extorted Plaintiff to comply with Defendants' demands so that Plaintiff could refinance the Property.

    T.    Attached hereto as <u>Exhibit 4</u> and incorporated herein by reference is a true and correct copy of the <u>Promissory Note</u>.

    U.    Attached hereto as <u>Exhibit 5</u> and incorporated herein by reference is a true and correct copy of the <u>Deed of Trust</u>.

    V.    Attached hereto as <u>Exhibit 6</u> and incorporated herein by reference is a true and correct copy of the <u>Settlement Agreement</u>.

    W.    Defendants failed to supply all of the materials pursuant to the STALGI Contracts, and improperly and negligently installed marble and natural stone at the Property. Defendants' defective, improper and negligent installation has significantly delayed the project over 12 months. Sections 1 through 5 below represent $411,353.71 in costs associated with the negligent installation of the above listed products and materials by Defendants. Specifically, Plaintiff is informed and believes, and on that basis alleges, the following:

    1.    Supply of Italian grey marble for external floors
        Cost: $205,699.96

The "Italian grey marble" was installed as exterior flooring by STALGI. The floor was never properly waterproofed, the improper grout was used for the install and the marble was never properly sealed. The failure to properly seal the marble allowed moisture to navigate through the floor from the first day of install. Because of that exposure in conjunction with the already

referenced installation errors caused the marble to quickly degrade. After a short period, the damaged marble became too fragile and too deteriorated to safely walk on and it had to be removed and replaced.

    2.    Supply of Italian grey marble for floors Guest Home and External Terraces

        Cost: $147,255.00

The "Italian grey marble" was installed as exterior flooring by STALGI. The egregious errors and failure to perform some of the most basic of installation steps makes this example the most damning example of sheer incompetence. The floor, an exterior terrace directly above the Auto Museum, was never waterproofed. While the failure to waterproof in and of itself would have required the entire floor to be demolished and replaced and would certainly cause water damage below (which it did), there were additional missteps. An interior grout was used, and the marble was never properly sealed and the failure to do so, in addition with other installation errors, caused the marble to take on a brittle texture. After a short period of time the damaged marble became too fragile to walk on and it had to be removed and replaced.

    3.    Ceramic Tiles Castelvetro 20 x 120cm - Grigio - CMR28R4

        Cost: $27,256.25

Defendants used these ceramic tiles for an improper application that quickly deteriorated forcing the demolition and removal of the now-destroyed ceramic. Any installer would not have even considered this product to use as it was used.

    4.    Kerakol Gree Pro Pot Kerakoll Auquastop

        Cost: $23,152.50

This represents the grout and adhesive agents necessary to professionally install stone and ceramic flooring.

///

5.  Stainless Steel Anchor of the installation of marble tiles around the water channel

Cost: $7,990.00

This material failed to accomplish its purpose and was quickly torn down.

X. Defendants failure to properly install marble and natural stone at the Property caused these materials to be removed and replaced. Sections 1 through 6 below represent $231,545.69 in costs associated with the costs for removing and replacing marble and natural stone relating to the negligent installation by Defendants. Specifically, Plaintiff is informed and believes, and on that basis alleges, the following:

1. Chalan, LLC

$10,401.12 – Costs for Removing & Replacing Marble

| Payor | Date | Type of Work | Amount |
| --- | --- | --- | --- |
| IRCJ Holdings, LLC | 2020.02.18 | Labor | $4,000.00 |
| IRCJ Holdings, LLC | 2020.07.03 | Labor | $2,300.00 |
| IRCJ Holdings, LLC | 2020.07.03 | Labor | $1,004.00 |
| IRCJ Holdings, LLC | 2020.07.13 | Labor | $1,850.00 |
| IRCJ Holdings, LLC | 2020.07.20 | Labor | $647.12 |
| IRCJ Holdings, LLC | 2020.07.20 | Labor | $600.00 |

2. Complete Development Solutions

$10,700.00 – Costs for Removing & Replacing Marble

| Payor | Date | Type of Work | Amount |
| --- | --- | --- | --- |
| IRCJ Holdings, LLC | 2020.02.05 | Supervisory Role | $5,000.00 |
| IRCJ Holdings, LLC | 2020.02.18 | Supervisory Role | $5,700.00 |

3. Daltile

$61,104.57 – Costs for Removing & Replacing Marble

| Payor | Date | Type of Work | Amount |
| --- | --- | --- | --- |

| | | | |
|---|---|---|---|
| AMEX - 8342 | 2020.04.29 | Marble (Material Only) | $10,810.35 |
| AMEX - 8342 | 2020.04.30 | Marble (Material Only) | $9,079.87 |
| AMEX - 8342 | 2020.04.30 | Marble (Material Only) | $15,756.30 |
| AMEX - 8342 | 2020.04.30 | Marble (Material Only) | $6,850.49 |
| AMEX - 8008 | 2020.05.28 | Marble (Material Only) | $9,862.60 |
| AMEX - 8342 | 2020.06.11 | Marble (Material Only) | $6,276.41 |
| AMEX - 8008 | 2020.07.14 | Marble (Material Only) | $2,468.55 |

  4. DJ Construction

   $20,000.00 – Costs for Removing & Replacing Marble

| Payor | Date | Type of Work | Amount |
|---|---|---|---|
| IRCJ Holdings, LLC | 2020.06.01 | Glass Railing | $2,000.00 |
| IRCJ Holdings, LLC | 2020.06.03 | Glass Railing | $3,000.00 |
| IRCJ Holdings, LLC | 2020.06.03 | Glass Railing | $15,000.00 |

  5. Hi Tech, LLC

   $60,000.00 – Costs for Removing & Replacing Marble

| Payor | Date | Type of Work | Amount |
|---|---|---|---|
| IRCJ Holdings, LLC | 2020.05.26 | Marble Installation | $15,000.00 |
| IRCJ Holdings, LLC | 2020.06.05 | Marble Installation | $15,000.00 |
| IRCJ Holdings, LLC | 2020.06.30 | Marble Installation | $15,000.00 |
| IRCJ Holdings, LLC | 2020.07.13 | Marble Installation | $15,000.00 |

  6. Majestic Blue

   $39,340.00 – Costs for Removing & Replacing Marble

| Payor | Date | Type of Work | Amount |
|---|---|---|---|
| Ivy Portfolio, LLC | 2020.04.16 | Demolition & Haul Away | $9,990.00 |
| IRCJ Holdings, LLC | 2020.04.30 | Demolition & Haul Away | $29,350.00 |

  Y. Carrying costs for the Property total $2,040,000.00 including approximately $170,000.00 a month in loan payments ($150,000.00 in interest alone); taxes $17,000.00 a month; electrical and water $9,000.00 a month; security

$15,000.00 a month; swimming pool maintenance $1,200.00 a month; gardener $1,800.00 a month and cleaning services $2,400.00 a month.

Z.     Plaintiff is suing Defendants for among other things Relief Based on Rescission of Contract in that Defendants, knowing the representations to be false and with the intent to deceive Plaintiff and to induce Plaintiff to enter into the STALGI Contracts, falsely and fraudulently represented to Plaintiff that (1) they were licensed contractors as required under statutory law; (2) they were qualified to do business in California; (3) the contract complied with all statutory requirements; and (4) they would provide proper materials, labor and services in connection with the installation of marble and natural stone at the Property.

11.     Specifically, the settlement agreement that Plaintiff and BERNARDI entered into is unenforceable because it compromises disputes over compensation for services performed by an unlicensed construction professional. The settlement agreement was not fairly made and is in contravention of California law and/or public policy. Defendants are **unlicensed** contractors in the State of California. As such the legislature has a clear policy of invalidating contracts made by unlicensed construction professionals.

12.     Similarly, failure to obtain a contractor or design professional license can affect not only the construction professional, but also persons seeking to take some interest or benefit from the non-licensed individual. Defendants not having a California Contractor's license has unintended consequences for Plaintiff as an owner beyond the contractor's inability to recover payment for services in that Defendants are not bonded or have insurance. A contract by an unlicensed contractor is void and illegal and, consequently, the note and deed of trust, if related to a construction contract by an unlicensed contractor, is subject to the illegality defense.

13.     Defendant BERNARDI, as owner and agent of STALGI, made a positive misrepresentation to Plaintiff of Defendants' licensure status by

representing Defendants were in fact licensed contractors in the State of California for the purpose of fraudulently inducing Plaintiff to enter into the STALGI Contracts. Defendants misrepresented they held a valid California Contractor's license for work Defendants performed at the Property. Plaintiff relied on the misrepresentation. The Defendants' misrepresentations regarding Defendants' licensure constituted fraudulent inducement by causing Plaintiff to enter into the contract, and a violation of the Unfair Practices Act, i.e., Business and Professions Code section 17500.

## FIRST CAUSE OF ACTION
### (Breach of Contract)
### (Against Defendants)

14. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

15. Plaintiff and said Defendants entered into a contract to install marble and natural stone in exchange for consideration, i.e., money for said proper installation of marble and natural stone.

16. Said Defendants breached the contract when Defendants represented they were in fact licensed contractors in the State of California when they were not.

17. Defendants knowledge and workmanship relating to the installation of marble and natural stone was below the standard of care in breach of said contract. Said breach was the cause of the marble and natural stone being installed improperly. Because the marble and natural stone were improperly installed, Plaintiff was injured and suffered damages.

18. Due to said breach, water damage, among other things, occurred to the marble and natural stone making it ineffective. Therefore, said marble and natural stone had to be removed and replaced.

19. Plaintiff incurred costs associated with the improper installation by Defendants who were not licensed contractors in the state of California. Those

costs included costs for new marble and natural stone including fabrication and installation, and other costs associated with the demolition of the incorrectly installed marble and natural stone.

20. As a result of the above-described conduct, Plaintiff suffered damages.

## SECOND CAUSE OF ACTION
### (Violations of Business And Professions Code Section 17500)
### (Against Defendants)

21. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

22. Beginning on or about August 2018, Defendants committed acts of untrue and misleading advertising as defined by Business and Professions Code section 17500.

23. Defendants stated to Plaintiff that Defendants fabricated and installed marble and natural stone at San Francisco International Airport. Defendants stated to Plaintiff that Defendants supplied, fabricated and installed marble and natural stone at several homes in Beverly Hills, California. Defendants stated to Plaintiff that they were indeed licensed contractors in the State of California. Such was done as a "sales pitch" to Plaintiff, and was indeed false advertising, as none of it was true. Defendants were <u>not</u> in fact licensed contractors in the State of California.

24. The acts of untrue and misleading advertising by Defendants present a continuing threat to members of the public in that other Property owners will incur damages if Defendants continue to lie and misrepresent to the public that they are licensed California contractors, when in fact they are <u>not</u> licensed contractors in the State of California. Plaintiff and other members of the general public have no other adequate remedy of law in that they rely on the representations of Defendants, rely on the advertisements, sales pitch, and false advertising that they

are in fact licensed contractors in the State of California.

25. As a result of the above-described conduct, Plaintiff has suffered damages.

## THIRD CAUSE OF ACTION

### (Aiding and Abetting Violations of Business And Professions Code § 17500)

### (Against All Defendants)

26. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

27. Defendants knew and were aware of STALGI'S unlawful, unfair or deceptive business practices and untrue and misleading advertising as alleged. Indeed, BERNARDI is President of STALGI and as its agent knew that STALGI did not hold a contractor's license in the State of California.

28. Defendants *aided and abetted and induced* these violations by STALGI in that Defendants misled Plaintiff by telling Plaintiff that BERNARDI and his company STALGI did many other properties in California both commercial and residential. Specifically, Defendants represented it was STALGI that supplied, fabricated and installed marble and natural stone at San Francisco International Airport and properties in Beverly Hills.

29. Indeed, Defendants persuaded and influenced Plaintiff to use STALGI because it was the "Best" at installing Italian marble and natural stone.

30. As a result of the above-described conduct, Plaintiff has suffered damages.

## FOURTH CAUSE OF ACTION

### (Negligence)

### (Against All Defendants)

31. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

32. Said Defendants owed a duty of care to Plaintiff to provide the proper

Verified Complaint - 16

supply, fabrication and installation of marble and natural stone that they represented they would provide to Plaintiff, their customer.

33. Said Defendants breached that duty when they failed to provide a suitable supply, fabrication and installation of marble and natural stone, and instead provided an unsuitable and sub standard supply, fabrication and installation of marble and natural stone to Plaintiff.

34. Said breach, was the cause in fact, i.e., the total destruction of the value and quality of the marble and natural stone and damage to the Property due to water damage from the inadequate supply, fabrication and installation of marble and natural stone to Plaintiff.

35. As a result of the above-described conduct, Plaintiff has suffered damages.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment and Imposition of Constructive Trust)
### (Against all Defendants)

36. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

37. That the actually and/or constructively fraudulent transfer(s) and/or obligation(s) incurred by Defendants resulted in the unjust enrichment of the Defendants.

38. As a result of the acts and omissions set forth herein, monies and other assets in which Plaintiff has a superior legal and equitable interest has been possessed and retained, and continue to be possessed and retained, by Defendants, all to the detriment of Plaintiff.

39. That the Defendants had knowledge of the circumstances surrounding the enrichment and thus are obligated to make restitution. Defendants have been unjustly enriched at Plaintiff's expense by their possession and retention of the monies, instruments and other assets mentioned above.

40. As between Defendants on the one hand, and Plaintiff on the other, it would be inequitable and unjust to allow Defendants to possess and retain the monies, instruments and other assets mentioned above while depriving Plaintiff of the same.

41. That Defendants are holding the monies, instruments and other assets subject to the interest of Plaintiff, because Defendants are not a bona fide purchaser of Plaintiff's monies, instruments and other assets.

42. As a result of the unjust enrichment of Defendants, Plaintiff was injured and suffered damages. Plaintiff is entitled to an order declaring that all of the monies, instruments and other assets held by Defendants as alleged herein are held by Defendants as constructive trustees for Plaintiff, and requiring Defendants to convey the same to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against each of the Defendants as follows:

a. Judgment in favor of Plaintiff and against Defendants and each of them, jointly and severally, for general, special and compensatory damages in an amount proven at trial.

b. Against Defendants and each of them, for an order declaring the settlement agreement null and void, rescinded, and unenforceable; and any and all instruments relating to the Property that said Defendants hold to be rescinded and declared null and void and unenforceable.

c. Pre and post-judgment interest, costs of suit, and attorneys' fees in favor of Plaintiff and against Defendants and each of them, jointly and severally.

d. Such further, supplementary or other relief as is appropriate and warranted to achieve a fair and just result in this case.

e. As for the second and third causes of action, Plaintiff prays for relief as follows: Pursuant to Business and Professions Code § 17535, and pursuant to

the equitable powers of this Court, Plaintiff prays that the Defendants be preliminarily and permanently enjoined from advertising in California and representing that they are in fact licensed contractors in the State of California.

Dated:  August 30, 2020

                /s/Michele M. Betti
                Michele M. Betti, Esq.
                BETTI & ASSOCIATES
                Attorneys for Plaintiff Alex Khadavi

## VERIFICATION

Alex Khadavi affirms the following to be true under penalties of perjury:

I have read the annexed **VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein, which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information relating this matter.

Dated: Los Angeles, California
August 30, 2020

/s/Alex Khadavi
Alex Khadavi