'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX KHADAVI, an individual, | CV 20-7948-RSWL-Ex |
| Plaintiff, | **ORDER re: Motion to Dismiss Complaint** [9] |
| v. | |
| STALGI, INC., a Florida corporation; ALDO BERNARDI, an individual; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Presently before the Court is Defendants Aldo Bernardi and Stalgi, Inc.'s ("Defendants") Motion to Dismiss Complaint (the "Motion") [9].

Having reviewed all papers submitted pertaining to the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** the Motion.

///

1

1                       **I.   BACKGROUND**

2 **A.   <u>Factual Background</u>**

3     1.   <u>Current Action</u>

4     Plaintiff Alex Khadavi ("Plaintiff") alleges the

5 following in his Complaint:

6     Plaintiff is a California citizen and the owner of

7 real property located at 777 Sarbonne Road, Los Angeles,

8 California 90077 (the "Property").  Compl. ¶ 1, ECF No.

9 1.  Defendant Stalgi, Inc. ("Defendant Stalgi") is a

10 Florida corporation, and its president, Defendant Aldo

11 Bernardi ("Defendant Bernardi"), is a Florida resident.

12 <u>Id.</u> ¶ 2.  Defendant Stalgi does not maintain a qualified

13 status with the California Secretary of State or the

14 California Franchise Tax Board.  <u>Id.</u> ¶ 10(B).  Defendant

15 Stalgi is not licensed with the California Contractors

16 State License Board.  <u>Id.</u>

17     On or about January 11, 2018, and August 25, 2018,

18 Plaintiff entered into two written contracts with

19 Defendants for the supply, fabrication, and installation

20 of Italian marble and natural stone for the total

21 amounts of $1,813,530.82 and $236,909.76, respectively.

22 <u>Id.</u> ¶ 10(C)-(D).  Defendants' negligent, defective work

23 caused delays, created additional work, and resulted in

24 reordering of replacement materials.  <u>Id.</u> ¶ 10(F)-(G).

25     In January 2020, Plaintiff had to refinance the

26 Property because notes were coming due, and Plaintiff

27 was required to pay for an extension.  <u>Id.</u> ¶ 10(F).

28 Defendants knew Plaintiff was refinancing the Property

and approached Plaintiff to execute deeds of trust, dated November 1, 2018, and February 15, 2019, for $1,735,562.00 and $768,931.00, respectively.  Id. ¶ 10(H)-(I).  Defendants convinced Plaintiff that these deeds of trust would be as effective as mechanic's liens while not interfering with the sale of the Property once the Property is completed.  Id. ¶ 10(I).  But Defendants knew that they had no ability to effectuate a mechanic's lien on the Property because they are unlicensed and did not provide Plaintiff with any of the notices required by law.  Id. ¶ 10(J).  Defendants failed to indicate on any of the contracts, bids, or solicitations that Defendants were not licensed contractors in the state of California.  Id. ¶ 10(L).  In January and February 2020, Defendants knowingly filed four false mechanic's liens on the Property so that Plaintiff would be forced to pay any outstanding invoices and liens.  Id. ¶ 10(P)-(Q).

On or about March 11, 2020, Defendants extorted Plaintiff into entering into a settlement agreement and issuing a promissory note and deed of trust on the Property for the outstanding amounts Defendants claimed Plaintiff owed for the supply, fabrication, and installation of marble and natural stone.  Id. ¶ 10(S).  In exchange, Defendants agreed to rescind the mechanic's liens.  Id.  Defendants purposefully delayed the project and failed to cure any defects, and Plaintiff was forced to sign a settlement agreement in order to refinance the Property.  Id.

1    Plaintiff seeks relief based on rescission of the
2    contracts.  Id. ¶ 10(Z).  Defendants knowingly made the
3    following fraudulent representations to Plaintiff to
4    induce him into entering the contracts: (1) Defendants
5    were licensed contractors; (2) they were qualified to do
6    business in California; (3)  the contract complied with
7    statutory requirements; and (4) they would provide
8    proper materials, labor, and services.  Id.  The
9    settlement agreement is unenforceable because it
10   compromises disputes over the compensation for services
11   performed by an unlicensed construction professional,
12   was not fairly made, and is in contravention of
13   California law or public policy.  Id. ¶ 11.
14       In his prayer for relief, Plaintiff seeks special
15   and compensatory damages; an order declaring the
16   settlement agreement null and void, rescinded, and
17   unenforceable, and any and all instruments relating to
18   the Property that Defendants hold to be rescinded and
19   declared null and void and unenforceable; costs and
20   attorneys' fees; any other appropriate relief; and an
21   order preliminarily and permanently enjoining Defendants
22   from advertising in California and representing
23   themselves as licensed contractors in the state of
24   California.  Id. at 18:13-19:3.
25       2.  Superior Court Action
26       On January 13, 2020, Plaintiff filed a complaint
27   against Defendant Bernardi, Defendant Stalgi, and Agata
28   Limited, Inc. in the Superior Court of California,

County of Los Angeles, in <u>Khadavi v. Bernardi, et al.</u>,
No. 20STCV01575 (the "Superior Court Action").  <u>See</u> Req.
for Judicial Notice in Supp. of Mot. ("RJN") Ex. A, ECF
No. 10.  The Superior Court Action was based on a
dispute concerning three contracts for the provision of
labor, services, and materials in connection with the
installation of marble and stone at the Property.  <u>Id.</u>
¶¶ 1, 7-9.

Plaintiff asserted fourteen claims for relief in
the Superior Court Action, which he stated as:
rescission of the contracts; cancellation of deeds of
trust; breach of each building contract based on delay
in performance; breach of each building contract based
on negligent work and defective materials; and temporary
restraining orders and preliminary and permanent
injunctions sought under California Business and
Professions Code § 7028.4.  <u>Id.</u> ¶¶ 11-97.

On March 11, 2020, the parties executed a
settlement agreement.  <u>See</u> Compl. Ex. 6.  On April 21,
2020, Plaintiff filed a request for dismissal of the
Superior Court Action with prejudice, which was entered
on April 24, 2020.  <u>See</u> RJN Ex. K.

**B.**   **<u>Procedural Background</u>**

On August 31, 2020, Plaintiff filed his Complaint
[1] in this Action, alleging: (1) breach of contracts;
(2) violations of Cal. Bus. & Prof. Code § 17500; (3)
aiding and abetting violations of Cal. Bus. & Prof. Code
§ 17500; (4) negligence; and (5) unjust enrichment and

1  imposition of constructive trust.  See generally Compl.

2     Defendants filed the instant Motion [9] on October

3  2, 2020.  On October 20, 2020, Defendants filed a Reply

4  [12] in which they argue that the Motion should be

5  granted because Plaintiff failed to timely oppose.  See

6  Reply in Supp. of Mot. to Dismiss Compl. 2:12-14, ECF

7  No. 13.  Plaintiff subsequently filed his untimely

8  Opposition [13] on October 25, 2020.

9                    **II.   DISCUSSION**

10  **A.   Legal Standard**

11     Federal Rule of Civil Procedure ("Rule") 12(b)(6)

12  allows a party to move for dismissal on one or more

13  claims if a pleading fails to state a claim upon which

14  relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under

15  Rule 8(a), a complaint must contain "a short and plain

16  statement of the claim showing that the pleader is

17  entitled to relief" to give the defendant "fair notice

18  of what the . . . claim is and the grounds upon which it

19  rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

20  (2007); see Fed. R. Civ. P. 8(a).  Dismissal is proper

21  "where the complaint lacks a cognizable legal theory or

22  sufficient facts to support a cognizable legal theory."

23  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097,

24  1104 (9th Cir. 2008) (citing Balistreri v. Pacifica

25  Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).

26     "To survive a motion to dismiss, a complaint must

27  contain sufficient factual matter, accepted as true, to

28  'state a claim to relief that is plausible on its

6

1   face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)

2   (quoting <u>Twombly</u>, 550 U.S. at 570).  While a complaint

3   need not contain detailed factual allegations, it must

4   provide more than "labels and conclusions" or "a

5   formulaic recitation of the elements of a cause of

6   action."  <u>Twombly</u>, 550 U.S. at 555.  The plaintiff must

7   allege enough facts "to raise a right to relief above

8   the speculative level."  <u>Id.</u>  In evaluating a Rule

9   12(b)(6) motion, a court must take all well-pleaded

10  allegations of material fact as true and construe them

11  in the light most favorable to the nonmovant.  <u>Great</u>

12  <u>Minds v. Off. Depot, Inc.</u>, 945 F.3d 1106, 1109 (9th Cir.

13  2019).  A court may generally consider only "the

14  complaint itself and its attached exhibits, documents

15  incorporated by reference, and matters properly subject

16  to judicial notice."  <u>In re NVIDIA Corp. Sec. Litig.</u>,

17  768 F.3d 1046, 1051 (9th Cir. 2014).

18  **B.  <u>Discussion</u>**

19      1.  <u>Request for Judicial Notice</u>

20      Defendants request that the Court take judicial

21  notice of eleven filed documents from Plaintiff's

22  previous state case in the Superior Court of California,

23  County of Los Angeles, <u>Alex Khadavi v. Aldo Bernardi, et</u>

24  <u>al.</u>, No. 20STCV01575.  <u>See</u> RJN 2:2-4:9, Exs. A-K.

25  Because the Court may take judicial notice of court

26  filings and other matters of public record, judicial

27  notice is proper.  <u>See</u> Fed. R. Evid. 201; <u>Harris v.</u>

28  <u>County of Orange</u>, 682 F.3d 1126, 1132 (9th Cir. 2012)

1   (stating that courts "may take judicial notice of
2   undisputed matters of public record, including documents
3   on file in federal or state courts").  Accordingly, the
4   Court **GRANTS** Defendants' requests for judicial notice.

5       2.   <u>Motion to Dismiss</u>

6       Local Rule 7-9 requires an opposing party to file
7   an opposition or statement of non-opposition to a motion
8   no later than twenty-one days before the designated
9   hearing date.  L.R. 7-9.  Here, Plaintiff's Opposition
10  was due by October 13, 2020.  But Plaintiff did not file
11  his Opposition until October 25, 2020—just nine days
12  before the scheduled hearing on November 3, 2020—without
13  seeking leave of court or offering any explanation for
14  his tardy response.  "The failure to file any required
15  document, or the failure to file it within the deadline,
16  may be deemed consent to the granting or denial of the
17  motion . . . ."  L.R. 7-12; <u>see</u> <u>Irvin v. Madrid</u>, 749 F.
18  App'x 546, 547 (9th Cir. 2019) (affirming the district
19  court's dismissal pursuant to Local Rule 7-12).
20  Accordingly, the Court deems Plaintiff's failure to
21  timely oppose as consent to grant Defendants' Motion.

22      While the Court may grant Defendants' Motion based
23  on Plaintiff's late-filed Opposition, the Court proceeds
24  to analyze the Motion on the merits.  Defendants argue
25  that the Complaint should be dismissed because: (1) all
26  of Plaintiff's claims are barred by res judicata; (2)
27  all of Plaintiff's claims are barred by the settlement
28  agreement and release entered into by the parties; and

(3) Plaintiff fails to state a claim for rescission of the settlement agreement.  Mot. to Dismiss Compl. ("Mot.") 3:3-14, ECF No. 9.

Pursuant to the Full Faith and Credit Act, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-81 (1984); see 28 U.S.C. § 1738. The Court thus applies California law to determine the effect of the judgment issued in Plaintiff's Superior Court Action.

"Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896, 51 P.3d 297, 301 (2002).  Under California law, res judicata applies "if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 824 (2015).  If those requirements are met, res judicata bars not only issues that were actually litigated in the first suit but also those issues that could have been litigated in that suit.  SLPR, L.L.C. v. San Diego Unified Port Dist., 49 Cal. App. 5th 284, 298 (2020).

There is no question that the present Action involves the same parties, as Plaintiff and Defendants

1    were all parties in the Superior Court Action.  See RJN

2    Ex. A.  Nor is there any doubt that a dismissal with

3    prejudice, which concluded the Superior Court Action,

4    see RJN Ex. K, "is the equivalent of a final judgment on

5    the merits" for purposes of applying res judicata.

6    Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 793

7    (2010); see also Kim v. Reins Int'l Cal., Inc., 9 Cal.

8    5th 73, 91 (2020) ("A dismissal with prejudice is

9    considered a judgment on the merits preventing

10   subsequent litigation between the parties on the

11   dismissed claim.").  Accordingly, res judicata arises if

12   the present Action involves the same cause of action.

13        To determine what constitutes the same cause of

14   action, California courts employ the "primary rights"

15   theory.  Boeken, 48 Cal. 4th at 797.  "[I]f two actions

16   involve the same injury to the plaintiff and the same

17   wrong by the defendant then the same primary right is at

18   stake even if in the second suit the plaintiff pleads

19   different theories of recovery, seeks different forms of

20   relief and/or adds new facts supporting recovery."

21   Gonzales v. Cal. Dep't of Corr., 739 F.3d 1226, 1233

22   (9th Cir. 2014) (quoting Eichman v. Fotomat Corp., 147

23   Cal. App. 3d 1170, 1174 (1983)).  Under this theory,

24   "the determinative factor is the harm suffered.  When

25   two actions involving the same parties seek compensation

26   for the same harm, they generally involve the same

27   primary right."  Id. (quoting Boeken, 48 Cal. 4th at

28   798).

Defendants argue, and the Court agrees, that the claims alleged here involve the same primary right at issue in the Superior Court Action.  Mot. 10:4-17.  The Superior Court Action, like this Action, concerned claims arising out of contracts between the parties for the supply, fabrication, and installation of marble and natural stone at the Property.  See Compl. ¶ 10(C)-(E); RJN Ex. A ¶¶ 7-10.  The substance of Plaintiff's allegations in both actions is essentially the same: Defendants fraudulently induced Plaintiff to enter into contracts and to later execute deeds of trust, and Defendants performed negligent or otherwise inadequate work, which caused Plaintiff to suffer injury and damages.  See Compl. ¶¶ 6, 10(E), 13, 17-19, 32-34; RJN Ex. A ¶¶ 10, 13, 55-57, 73.  Plaintiff alleges in both complaints that Defendants made the same false representations: Defendants were licensed contractors; Defendants were qualified to do business in California; the contracts complied with all statutory requirements; and Defendants would provide proper materials, labor, and services.  Compl. ¶ 10(Z); RJN Ex. A ¶¶ 13, 43.  In both actions, the harm alleged was economic injury caused by the same wrongful conduct by Defendants, which allegedly amounted to false representations, fraudulent inducement, and breach of contracts in connection with the Property.

Although the Complaint here may "add new theories of recovery and greater detail[,]" the present Action

raises the same causes of action as did the Superior
Court Action.  <u>Eichman</u>, 147 Cal. App. 3d at 1175 (1983);
<u>see also</u> <u>Hi-Desert Med. Ctr. v. Douglas</u>, 239 Cal. App.
4th 717, 734 (2015) ("[T]he hospitals sought a different
remedy in [the first suit] as opposed to what they later
sought, but that was their litigation choice.  The same
primary right is at stake in both cases.").  To the
extent Plaintiff's claims are premised on these
allegations, Plaintiffs' claims are precluded by res
judicata.

The Court notes, however, that res judicata "may
not apply when there are changed conditions and new
facts which were not in existence at the time the action
was filed upon which the prior judgment is based."
<u>Plan. & Conservation League v. Castaic Lake Water</u>
<u>Agency</u>, 180 Cal. App. 4th 210, 227 (2009) (internal
quotation marks and citation omitted).  Res judicata
does not bar claims "that arise after the filing of the
complaint in the first action, but before judgment is
entered."  <u>Id.</u>

Although the bulk of the factual allegations in the
Complaint predate the filing of the Superior Court
Action on January 13, 2020, some are based on events
that occurred afterwards.  Specifically, Plaintiff
alleges that Defendants filed four false mechanic's
liens on the Property on January 31 and February 6,
2020, and in February to July 2020, Plaintiff incurred
costs for removing and replacing materials as a result

1  of Defendants' negligent installation.  See Compl. ¶
2  10(P), (X).

3       Claims arising from these facts are nonetheless
4  barred by the terms of the settlement agreement.
5  Defendants assert, and Plaintiff does not deny, that the
6  settlement agreement resolved any and all claims between
7  the parties, including those related to the Property,
8  the contracts, the mechanic's liens, and the Superior
9  Court Action.  See Mot. 5:9-12; Compl. ¶ 10(S), Ex. 6,
10 Recitals.  The parties mutually released all claims,
11 known or unknown, accruing or arising at any time prior
12 to the effective date of the settlement agreement.  See
13 Compl. Ex. 6, ¶ 9.  The parties also waived the
14 provisions of California Civil Code § 1542 and other
15 such laws.  Id. ¶ 10.  Further, the parties acknowledged
16 that they were advised of the effect of this waiver, and
17 each of the parties "has been or had the opportunity to
18 be represented by legal counsel with respect to the
19 negotiation of [the settlement agreement]."  Id. ¶¶ 10,
20 22.  In light of the broad language in the settlement
21 agreement, any claims Plaintiff may have had against
22 Defendants based on the facts alleged in the Complaint
23 are barred by the settlement agreement, if not by res
24 judicata.

25      In his Opposition, Plaintiff does not directly
26 address Defendants' res judicata argument or dispute the
27 contents of the settlement agreement.  Instead,
28 Plaintiff appears to suggest that his claims are not

barred by res judicata or the settlement agreement
because he alleges a basis for rescission of the
settlement agreement—namely, economic duress.[1]  See
Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Opp'n") 5:7-10,
6:25-9:11, ECF No. 13.

Under California law, economic duress can serve as
a basis for rescission of a settlement agreement.  See,
e.g., In re Outlaw Lab'ys, LP Litig., 352 F. Supp. 3d
992, 1007 (S.D. Cal. 2018); Lanigan v. City of Los
Angeles, 199 Cal. App. 4th 1020, 1034 (2011).  The
doctrine of economic duress "may come into play upon the
doing of a wrongful act which is sufficiently coercive
to cause a reasonably prudent person faced with no
reasonable alternative to succumb to the perpetrator's
pressure."  Rich & Whillock, Inc. v. Ashton Dev., Inc.,
157 Cal. App. 3d 1154, 1158 (1984).  The party seeking
relief "must have had no 'reasonable alternative' to the
action it now seeks to avoid (generally, agreeing to
contract)."  Lanigan, 199 Cal. App. 4th at 1034

---

[1] Indeed, "[i]f the settlement agreement is subject to
rescission," then Defendants' arguments based on res judicata and
express release "should not stand in the way of a revival of
[Plaintiff's] claims" because they "both assume the validity of
the settlement."  Kelly v. Provident Life & Acc. Ins., 245 F.
App'x 637, 640 (9th Cir. 2007); see Leeper v. Beltrami, 53 Cal.
2d 195, 205 (1959) (citations omitted) ("[A] party may attack any
judgment by showing that it was secured by the extrinsic fraud of
the other party. . . . Duress is a species of fraud.  [Where the
plaintiff pleads duress against the defendants,] any consent
judgment or judgment of dismissal that may have been entered
pursuant to a settlement agreement would not act as a bar to the
present action.").

1   (internal quotation marks and citation omitted).  "No
2   reasonable alternative may exist 'when the only other
3   alternative is bankruptcy or financial ruin.'"  Hicks v.
4   PGA Tour, Inc., 897 F.3d 1109, 1119 (9th Cir. 2018)
5   (quoting Rich & Whillock, Inc., 157 Cal. App. 3d at
6   1159).  "If a reasonable alternative was available, and
7   there hence was no compelling necessity to submit to the
8   coercive demands, economic duress cannot be
9   established."  Id. (quoting CrossTalk Prods., Inc. v.
10  Jacobson, 65 Cal. App. 4th 631, 644 (1998)).
11      Here, Plaintiff fails to allege "a wrongful act
12  which [was] sufficiently coercive" such that he faced
13  "no reasonable alternative [but] to succumb" to
14  Defendants' pressure.  Rich & Whillock, Inc., 157 Cal.
15  App. 3d at 1158.  Although Plaintiff offers additional
16  allegations to support his economic duress argument in
17  his Opposition, see Opp'n 8:17-28, the Court does not
18  consider allegations that are not pleaded in the
19  Complaint.  Moreover, Plaintiff's Complaint makes no
20  mention of economic duress whatsoever.  Accordingly,
21  Plaintiff fails to plead sufficient facts showing the
22  settlement agreement was procured under economic duress.
23      Plaintiff next argues, albeit confusingly, that the
24  Court should recognize a tort action for damages to
25  remedy a constitutional violation because Plaintiff is
26  an injured member of a protected class of persons,
27  citing California Penal Code § 519, Monex Deposit Co. v.
28  Gilliam, 666 F. Supp. 2d 1135 (C.D. Cal. 2009), and the

15

Restatement (Second) of Torts § 874A.  See Opp'n 9:12-
10:22.  This argument is similarly rejected.
Plaintiff's argument does not appear to be directed to
any of the claims actually pleaded in the Complaint.
Plaintiff contends that he is a victim of extortion in
his Opposition, but he does not explicitly assert a
claim for extortion in the Complaint.  Nonetheless, the
Court construes the following allegations regarding the
settlement agreement as one for civil extortion:

> On or about March 11, 2020, Defendants
> extorted Plaintiff into entering into a
> settlement agreement and issuing a promissory
> note and deed of trust on the Property for the
> outstanding amounts Defendant claimed
> Plaintiff owed for the supply, fabrication and
> installation of marble and natural stone at
> the Property.  In exchange for the issuance of
> a settlement agreement, deed of trust and
> promissory note, Defendants agreed to rescind
> the mechanics liens.  Plaintiff was forced to
> issue a deed of trust and promissory note and
> sign a settlement agreement so that a
> refinance of the Property could finalize.
> Purposefully delaying the project and failing
> to cure any defects Defendants knowingly
> extorted Plaintiff to comply with Defendants'
> demands so that Plaintiff could refinance the
> Property.

Compl. ¶ 10(S).

   "Extortion is the obtaining of property or other
consideration from another, with his or her consent, . .
. induced by a wrongful use of force or fear . . . ."
Cal. Penal Code § 518.  California recognizes "a civil
cause of action for the recovery of money obtained by
the wrongful threat of criminal or civil prosecution,
whether the claim is denominated by 'extortion, menace,
or duress.'"  Monex Deposit Co. v. Gilliam, 666 F. Supp.

2d 1135, 1136 (C.D. Cal. 2009) (citing <u>Fuhrman v. Cal.</u>
<u>Satellite Sys., Inc.</u>, 179 Cal. App. 3d 408, 426 (1986)).
The definition of a civil extortion claim is derived
from the crime of extortion.  <u>Id.</u> at 1137; <u>see also</u>
<u>Lutfi v. Al Naimi</u>, No. CV 17-08208 SJO (JPRx), 2018 WL
6265082, at *3 (C.D. Cal. Jan. 17, 2018).  "Fear, such
as will constitute extortion, may be induced by a threat
. . . [t]o do an unlawful injury to the person or
property of the individual threatened or of a third
person."  Cal. Penal Code § 519.

Here, the Complaint fails to adequately allege a
threat.  Any additional allegations proffered in
Plaintiff's Opposition are not entitled to the
presumption of truth.  Plaintiff's conclusory
allegations that he was "extorted" into entering the
settlement agreement are insufficient and fail "to raise
a right to relief above the speculative level."
<u>Twombly</u>, 550 U.S. at 555.  The Complaint, as currently
pleaded, does not provide enough factual support to
allow the Court "to draw the reasonable inference that
[Defendants are] liable for the misconduct alleged."
<u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at
556).  Plaintiff therefore fails to state a claim for
civil extortion.  Further, even if the Court were to
consider Plaintiff's allegations in his Opposition—that
Defendants' filing of the mechanic's liens was "in fact
done with the intent to extort Plaintiff into
acquiescing to their demands," <u>see</u> Opp'n 9:24-28, those

1  claims are barred by the broad language of the
2  settlement agreement, which contemplated and resolved
3  any disputes related to the mechanic's liens.

4      The Court next considers Plaintiff's contentions as
5  to the unenforceability of the settlement agreement.  In
6  the Complaint, Plaintiff alleges that the settlement
7  agreement is unenforceable "because it compromises
8  disputes over compensation for services performed by an
9  unlicensed construction professional," it is "not fairly
10 made," and "the legislator has a clear policy of
11 invalidating contracts made by unlicensed construction
12 professionals."  Compl. ¶ 11.

13     Under California law, an unlicensed contractor may
14 not "bring or maintain any action, or recover in law or
15 equity in any action, in any court of this state for the
16 collection of compensation for the performance of any
17 act or contract where a license is required."  Cal. Bus.
18 & Prof. Code § 7031(a).  But the statute "does not
19 automatically void all contracts entered by unlicensed
20 contractors."  Nash v. Taylor, 327 F. App'x 718, 720
21 (9th Cir. 2009) (quoting MW Erectors, Inc. v.
22 Niederhauser Ornamental & Metal Works Co., 36 Cal. 4th
23 412, 435 (2005)).[2]

24 _____

25     [2] Further, section 7031 prohibits "judicial aid" to an
   unlicensed contractor seeking compensation, but "nothing in the
26 statute precludes the satisfied beneficiary of such work from
   paying for it voluntarily."  MW Erectors, Inc., 36 Cal. 4th at
27 430 n.10 (noting that section 7031 withholds "*judicial aid* from
   those who seek compensation for unlicensed contract work"
28 (quoting Hydrotech Sys., Ltd. v. Oasis Waterpark, 52 Cal. 3d 988,

1        Contrary to Plaintiff's assertion, the settlement

2   agreement is not rendered unenforceable simply by virtue

3   of Defendants' status as unlicensed contractors.

4   Defendants did not "bring or maintain" either this

5   Action or the Superior Court Action.  Plaintiff

6   initiated both actions.  And, under the present facts,

7   the Court cannot conclude that the settlement agreement

8   was not voluntarily made.  Plaintiff's allegation that

9   the settlement agreement was "not fairly made," without

10  more, merely indicates buyer's remorse, which does not

11  constitute a basis for rescinding a settlement

12  agreement.  Therefore, the settlement agreement remains

13  a bar to Plaintiff's claims.  See Tarpy v. County of San

14  Diego, 110 Cal. App. 4th 267, 279 (2003) ("[N]o public

15  policy opposes private, voluntary transactions in which

16  one party, for a consideration, agrees to shoulder a

17  risk which the law would otherwise have placed upon the

18  other party . . . .").

19       In sum, because Plaintiff cannot avoid the

20  preclusive effect of res judicata and the settlement

21  agreement, all of his claims are barred.  Accordingly,

22  the Court **GRANTS** Defendants' Motion.

23      3.  Leave to Amend

24      Leave to amend should be granted with "extreme

25  liberality."  Moss v. U.S. Secret Serv., 572 F.3d 962,

26  972 (9th Cir. 2009); see Fed. R. Civ. P. 15(a)(2) ("The

27  

28  995 (1991))).

court should freely give leave when justice so requires."). Where a court grants a motion to dismiss, it should generally provide leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Plaintiff requests leave to amend should the Court grant Defendants' Motion. Opp'n 10:25-26. It appears that amendment would not necessarily be futile, as Defendants' prevailing arguments are premised on the validity of the settlement agreement. Therefore, the Court **GRANTS** leave to amend, provided that Plaintiff can allege, in good faith, additional facts to support a basis for rescission.

### III.   CONCLUSION

Based on the foregoing, the Court **GRANTS** the Motion **without prejudice**. Plaintiff may file a first amended complaint, if desired, by no later than **March 31, 2021.** Failure to timely amend the Complaint will result in the dismissal of all claims with prejudice.

**IT IS SO ORDERED.**

DATED: March 10, 2021          /s/ Ronald S.W. Lew
                    **HONORABLE RONALD S.W. LEW**
                    Senior U.S. District Judge